## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DAVID JUSTICE,**
**Claimant Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-196**          (JCN: 2019017131)

**BONDED FILTER COMPANY LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner David Justice appeals the September 27, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Bonded Filter Company LLC ("Bonded") filed a timely response.[1] Petitioner filed a timely reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order dated August 21, 2021, which addressed the calculation of temporary partial rehabilitation benefits and granted additional temporary partial rehabilitation benefits ("TPR").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Justice was injured on February 8, 2019, while working for Bonded when a strong gust of wind blew over the ladder he was climbing. He landed on his left arm and shoulder and sustained injuries which were eventually determined to be compensable. Protracted litigation ensued regarding payment of various benefits and his claim has been subject to multiple protests and appeals before the Workers' Compensation Office of Judges ("OOJ") and the Board. This case is one of two currently pending before this court.[2]

---

[1] Petitioner is self-represented. Respondent is represented by Melissa M. Stickler, Esq.

[2] Mr. Justice has also filed case number 22-ICA-273, currently pending before this Court. That appeal pertains to the October 26, 2022, order of the Board in the same workers' compensation claim.

1

The Board's order on appeal in this case concerns a claim administrator's order dated August 21, 2021, which addressed the calculation of TPR benefits. In December of 2020, the OOJ ordered the claim administrator to calculate and pay temporary total disability ("TTD") and TPR benefits from the date of Mr. Justice's injury through December 9, 2019. Mr. Justice later alleged that despite that order, the claim administrator failed to make timely and accurate payments of benefits owed to him. By decision dated July 29, 2021, the OOJ found some of Mr. Justice's allegations to be credible and remanded the claim to the claim administrator with instructions to timely review the documentation Mr. Justice submitted and ensure that appropriate TPR payments had been made for all hours Mr. Justice worked. The claim administrator was also instructed to address whether it had properly accounted for Mr. Justice's time off work during the applicable time period and to issue a detailed written report and protestable order describing this accounting. In response, the claim administrator, by order dated August 21, 2021, awarded Mr. Justice TPR benefits in the amount of $15,325.35, and attached a spreadsheet to the order showing the claim administrator's calculations in reaching that amount. The total amount of TPR benefits due were offset by the amount of TPR benefits previously paid in the claim, and Mr. Justice was paid the difference. Mr. Justice protested the claim administrator's order and argued that he still was not compensated fully by the claim administrator for the benefits owed to him. He claimed that the employer provided false and incorrect wage information, but the only evidence he timely submitted in support of that protest was a copy of the OOJ's December 11, 2020, decision. The Board found in its September 27, 2022, order that by submitting only the OOJ's December 2020 decision, Mr. Justice failed to carry his burden of proof that his TPR benefits were improperly calculated. Consequently, the Board affirmed the claim administrator's August 21, 2021, order. It is from that order that Mr. Justice now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6)   Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

At the outset, we note that Mr. Justice's arguments on appeal are either difficult to decipher or outside the scope of the Board's September 27, 2022, order on appeal. The gist of Mr. Justice's relevant argument seems to be that the claim administrator never correctly calculated the benefits it owes him because it relied on incorrect data that he claims has been deliberately and intentionally provided by the employer and used to wrongfully withhold payment. Mr. Justice argues that the documents he submitted as evidence in support of his claims are proof of the "undeniable facts." In response, Bonded argues that Mr. Justice is now attempting to submit pages of irrelevant evidence and argue matters which were not before the Board, both of which must be denied as they are not properly before this Court. In fact, the sole issue before the Board was whether the claim administrator erred in calculating and granting Mr. Justice $15,325.35 in TPR benefits in compliance with the OOJ decision dated July 29, 2021. Mr. Justice now asks this Court to reverse the Board's order, to reimburse him for the paid time off benefits he used after his work injury, to reinstate all vocational rehabilitation benefits owed to him, and pay him damages for unnecessary suffering.

Upon review, we find no error in the Board's order affirming the claim administrator's award of TPR benefits and finding that it was in substantial compliance with the OOJ's decision of July 29, 2021. The Board found that the claim administrator reviewed the documentation that Mr. Justice had submitted on the issue of TPR benefits and calculated Mr. Justice's TPR benefits using the wage information Mr. Justice submitted. The claim administrator attached a spreadsheet showing the calculations used in determining the TPR benefits award. The Board found this to be compliant with the instructions provided by the OOJ. Therefore, the Board did not err in affirming the claim administrator's order calculating and awarding TPR benefits, and Mr. Justice is not entitled to the relief he seeks herein.

Accordingly, we affirm the Board's September 27, 2022, order.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3